[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-10961
Non-Argument Calendar

_____

D.C. Docket No. 8:16-cv-00087-VMC-MAP

JOYCE TAYLOR-WILLIAMS,

Plaintiff - Appellant,

versus

RAYMOND REMBERT,
Hillsborough County Deputy Sheriff,
BIBLE BASED FELLOWSHIP CHURCH, INC.,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 10, 2017)

Before TJOFLAT, WILLIAM PRYOR, and JORDAN, Circuit Judges.

PER CURIAM:

Joyce Taylor-Williams appeals the district court's entry of summary judgment against her. Ms. Taylor-Williams sued Deputy Sheriff Raymond Rembert for false arrest under 42 U.S.C. § 1983 and malicious prosecution under state law. The district court ruled that Officer Rembert was entitled to qualified immunity on the false-arrest claim, and declined to exercise supplemental jurisdiction over the state-law claim. Following a review of the record and the parties' arguments, we affirm.

## I

Ms. Taylor-Williams and her adult daughter, Cliffany, were members of the Bible Based Fellowship Church until Ms. Taylor-Williams' daughter accused the pastor of sexual assault. The church expelled Ms. Taylor-Williams from its ranks, and banned her from the property. Ms. Taylor-Williams later returned to the church and was arrested for trespass.

Undeterred, Ms. Taylor-Williams and her daughter returned to the church on March 25, 2012, with signs to protest. They say they did not step on church property that day. Instead, they claim to have protested from either County property or a privately-owned, neighboring lot. Yet Ms. Taylor-Williams was still arrested for trespass by Officer Rembert, who worked for the church as an off-duty police officer.

The church comprises multiple buildings.    Before he arrested Ms. Taylor-Williams, Officer Rembert was located at the children's church, which is located on the west side of the property.  He received a radio call from David Weaver-Rodgers, an off-duty officer with the Tampa Police Department who also worked security for the church, and Rodney Allmond, a church employee.  They asked Officer Rembert to go to the "old church," located in a different part of the property, "because [Ms. Taylor-Williams] and her daughter were placing signs out front."  D.E. 48-9 at 10.  Officer Rembert was also told that, "[a]s people were coming in," Ms. Taylor-Williams and her daughter "were setting up a protest on the property." *Id.*

Officer Rembert responded to the location.  He says he witnessed Ms. Taylor-Williams placing protest signs on church property. *See id.* at 12.  He arrested her.

## II

We exercise plenary review over a district court's grant of summary judgment, viewing the evidence in the light most favorable to the nonmoving party. *See Moton v. Cowart*, 631 F.3d 1337, 1341 (11th Cir. 2011).

## III

Ms. Taylor-Williams raises two arguments on appeal.  She first argues that the district court erroneously adopted Officer Rembert's version of the facts over

3

hers.  She also contends that Officer Rembert could not have legally relied on the observation of Officer Weaver-Rodgers because the latter, as a City of Tampa police officer, was outside his jurisdiction.  Citing the "fellow officer rule," Ms. Taylor-Williams insists that police officers can only rely on the knowledge of a fellow police officer who is on-duty and within his or her jurisdiction.

Ms. Taylor-Williams' first argument misses the mark entirely.  The district court accepted the testimony of Ms. Taylor-Williams and her daughter that, though at a neighboring lot, they never actually stepped foot on church property on the day of the arrest.  That does not mean, however, that Officer Rembert necessarily lacked arguable probable cause for arrest.  "Arguable probable cause exists when an officer reasonably could have believed that probable cause existed, in light of the information the officer possessed." *Durruthy v. Pastor*, 351 F.3d 1080, 1089 (11th Cir. 2003) (internal quotation marks omitted).

The district court reasoned that Officer Rembert had arguable probable to arrest Ms. Taylor-Williams for criminal trespass because he had been *told* that she had just been observed on church property, and because he knew that she had been given a trespass warning in the past (which made her subsequent trespass criminal).  *See Jones v. Cannon*, 174 F.3d 1271, 1283 n.4 (11th Cir. 1999) ("[W]hat counts for qualified immunity purposes relating to probable cause to arrest is the information known to the defendant officers . . . at the time of their

4

conduct, not the facts known to the plaintiff then or those known to a court later."). Given the proximity between the church's lot and the lot on which Ms. Taylor-Williams admitted to have protested from, and seeing as there is no evidence indicating that both Officer Weaver-Rodgers and Mr. Allmond were not credible, we agree with the district court's conclusion that Officer Rembert's reliance on that tip was reasonable. He therefore had arguable probable cause to arrest Ms. Taylor-Williams for trespass.

Ms. Taylor-Williams' second argument is equally unavailing. Under the "fellow officer rule," courts impute "the collective knowledge of the investigating officers to . . . each participating officer." *Terrell v. Smith*, 668 F.3d 1244, 1252 (11th Cir. 2012). The rule is a legal fiction that allows one officer to develop probable cause based on another officer's observations, even if the first officer never communicated with the second. *See id.* 1251–52. The rule is inapplicable in this case because Officer Rembert directly communicated with sources who told him they had witnessed Ms. Taylor-Williams trespass.

### IV

In sum, Officer Rembert is entitled to qualified immunity because he had arguable probable cause to arrest Ms. Taylor-Williams for trespass. He reasonably relied on third-parties who told him they had witnessed the trespass. Because

5

Ms. Taylor-Williams failed to contradict that key fact, summary judgment was appropriate.

**AFFIRMED.**